IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 19-MJ-602 (DJS) |
| | ) |
| v. | ) Stipulation and Order |
| | ) for Enlargement of Time |
| MICHAEL T. MANN, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Michael T. Mann, by and through counsel, Michael L. Koenig, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and include ninety (90) days from the date of entry of the attached, proposed order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a) Date of complaint: September 20, 2019

    b) Date of initial appearance: September 23, 2019

    c) Defendant custody status: Released with conditions.

    d) Earlier enlargements of time and exclusions under the Speedy Trial Act: none.

2) The United States and the defendant request this exclusion based on the following facts and circumstances: The requested continuance allows for reasonable time necessary for the

defendant to make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the requested continuance allows for reasonable time necessary for the defendant to make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, the nature of the investigation and charges, their complexity, and the parties' desire to avoid unnecessary grand jury practice and use of government resources, make it unreasonable to expect the government to seek an indictment during the initial stages of the investigation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(ii).

4) The parties stipulate and agree that a 90-day time period, starting from the date of entry of the attached, proposed order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii), (iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: October 11, 2019

GRANT C. JAQUITH
United States Attorney

By: */s/ Michael Barnett*

Michael Barnett
Assistant United States Attorney
Bar Roll No. 519140

Michael L. Koenig, Esq.
Attorney for Michael T. Mann
Bar Roll No. 507425

## ORDER

A.  The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order.

B.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the requested continuance allows for the reasonable time necessary for the defendant to make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, the nature of the investigation and charges, their complexity, and the parties' desire to avoid unnecessary grand jury practice and use of government resources, make it unreasonable to expect the government to seek an indictment during the initial stages of the investigation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(ii).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and include ninety (90) days from the date of this order, and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of

justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this \_\_\_11\_\_\_ day of October, 2019.

_____
Hon. Daniel J. Stewart
United States Magistrate Judge