IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19-MJ-602 (DJS) |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **MICHAEL T. MANN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Michael T. Mann, by and through counsel, Michael L. Koenig, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and include sixty (60) days from the date of entry of the attached, proposed order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a) Date of complaint:  September 20, 2019

    b) Date of initial appearance:  September 23, 2019

    c) Defendant custody status: Released with conditions

    d) Earlier enlargements of time and exclusions under the Speedy Trial Act:

        i) Order dated October 11, 2019, excluding the period between October 11, 2019 through and including January 9, 2020.

59867678 v1

    ii) Order dated January 13, 2020, excluding the period between January 13, 2020 through and including April 12, 2020.

2) The parties request this exclusion based on the following facts and circumstances:

### **COVID-19 Pandemic**

3) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through April 30, 2020 because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, grand jury preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and lay witnesses.

4) For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

**Reasons Unrelated to the COVID-19 Pandemic**

5) On September 20, 2019, the defendant was charged by complaint with bank fraud in violation of 18 U.S.C. § 1344, and was released on conditions following an initial appearance on September 23, 2019.  The allegations in the complaint pertain to a complex, near-decade long fraud involving multiple financial institutions, thousands of transactions, and tens-of-millions of dollars in alleged losses.

6) On December 16, 2019, the government produced extensive pre-indictment discovery.  The requested continuance allows the reasonable time necessary for the defendant to make an informed decision as to whether he wishes to resolve or dispute the charge set forth in the complaint.  The requested continuance also allows the reasonable time necessary for the parties to engage in plea negotiations.

7) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the facts upon which the grand jury must base a determination are unusual and complex, so that it is unreasonable to expect the return and filing of an indictment within the period specified in 18 U.S.C. § 3161(b), taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iii); and because the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. § 3161(h)(7)(B)(ii).  The requested continuance will also afford the defendant the reasonable time necessary to make an informed decision regarding resolving the case by plea, and will also afford the parties the reasonable time necessary to engage in plea negotiations, which may dispense with the need for grand jury practice and needless use of government resources.

8) The parties stipulate and agree that a 60-day time period, starting from the date of entry of the attached proposed order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii)-(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 9, 2020

GRANT C. JAQUITH
United States Attorney

By: */s/ Michael Barnett*

Michael Barnett
Assistant United States Attorney
Bar Roll No. 519140

*/s/ Michael L. Koenig*
Michael L. Koenig, Esq.
Attorney for Michael T. Mann
Bar Roll No. 507425

**ORDER**

A.   The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.   The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because:

   1.   This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury and trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses.

   2.   The Court also finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because the facts upon which the grand jury must base a determination are unusual and complex, so that it is unreasonable to expect the return and filing of an indictment within the period specified in 18 U.S.C. § 3161(b), taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iii); and because the case is so unusual and so complex, that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by 18 U.S.C. § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

59867678 v1

      3.      BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

      4.      That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and include sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(B)(iv); the presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses; and because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this __10th__ day of April, 2020.

                                                                        Hon. Daniel J. Stewart
                                                                      United States Magistrate Judge